COMMONWEALTH *vs.* JOSEPH H. BELL, JR. October 30, 1969. Bell's appeals from his convictions on two indictments charging respectively armed robbery and robbery following a trial under G. L. c. 278, §§ 33A–33G, inclusive, are based exclusively upon assignments of error that in-court identifications of him by witnesses were inadmissible under *United States* v. *Wade*, 388 U. S. 218, *Gilbert* v. *California*, 388 U. S. 263, and *Stovall* v. *Denno, Warden*, 388 U. S. 293, all recently discussed in *Commonwealth* v. *Bumpus*, 354 Mass. 494, and *Commonwealth* v. *Cooper*, *ante*, 74. The judge, following an all

---

[1] Otero's trial counsel did not argue the appeal in this court.

day voir dire which he ably guided to the significant factors (see *United States* v. *Wade*, 388 U. S. 218, 241) concluded that the identifications to be made in court by three of the witnesses were based on observations made by them at the time of the robberies independent of any confrontation after the robberies. Assuming, arguendo, that the pre-trial identifications made by the witnesses were constitutionally infirm, our consideration of the evidence heard by the judge at the voir dire which we deem to be "clear and convincing" (see *United States* v. *Wade*, at 240) satisfies us "beyond a reasonable doubt" (see *Chapman* v. *California*, 386 U. S. 18, 24) that the judge's conclusion was right. *Commonwealth* v. *Cooper, ante*, 74, 84–85, and cases cited.

*Judgments affirmed.*

The case was submitted on briefs.
*Robert A. Novick & Reuben Goodman* for the defendant.
*Garrett H. Byrne*, District Attorney, *Theodore A. Glynn, Jr.*, Assistant District Attorney, & *John M. Lynch, III*, Legal Assistant to the District Attorney, for the Commonwealth.